11748

JOHNSON v. PHILLIPS *ET AL.*

(127 S. E., 569)

Mortgages—Evidence Held Insufficient to Establish Mental Incapacity to Give Note and Mortgage.—Evidence *held* insufficient to show mental incapacity to give note and mortgage in fulfillment of prior verbal contract.

Before Mauldin, J., Pickens, June, 1924. Reversed and remanded.

Action by R. A. Johnson against L. G. Phillips *et al.* From a decree from defendants the plaintiff appeals.

*Messrs. Martin, Blythe, Keith & Craig,* for appellant, cite: *No mental incapacity shown which would avoid obligation:* 122 S. C., 203; 3 Brev., 389.

*Messrs. Carey & Carey, G. G. Christopher* and *Basil A. Chapman,* for respondents, cite: *Burden on appellant:* 115 S. C., 452. *As to mental capacity and when contracts will be voided:* 58 S. C., 240; 96 S. C., 148; 96 S. C., 106; 45 S. C., 33; 19 L. R. A. (N. S.), 462; 105 S. C., 343; Ann. Cas., 1914-D, 865; 42 L. R. A. (N. S.), 343; 22 Cyc., 1205.

April 14, 1925.

The opinion of the Court was delivered by Mr. Justice Fraser.

L. D. Phillips made a contract with the plaintiff to build a home for L. D. Phillips, Jr., the son of L. D. Phillips, for $1,700. Of this sum L. D. Phillips was to pay $1,000 and L. D. Phillips, Jr., was to pay $700. L. D. Phillips, Jr., paid his $700, but L. D. Phillips was unable to raise his $1,000 and agreed to give his note and a mortgage to secure it.

`The house was built, but, before the execution of the note and mortgage, L. D. Phillips had a stroke of paralysis, and his mind became very much enfeebled, to say the least of it. The plaintiff, notwithstanding the condition of L. D. Phillips, took the note and mortgage sued on, but, manifestly uneasy about the mental condition of L. D. Phillips, requested the wife and children of L. D. Phillips to sign the note and mortgage along with him.

The trial Judge set aside the note and mortgage as to L. D. Phillips, and the plaintiff appealed.

The only question tried on circuit and now before this Court is as to the mental capacity of L. D. Phillips. This is not a question of insanity, but of weakness of mind.

The witnesses for the defendants said in part:

Mrs. Johnson:

"Q. On all the occasions you have seen him, does his mind seem good?   A. Yes; sometimes just for a few minutes, something like a child's mind."

Mr. Johnson:

"Q. If his mind held out he would know what he was doing?   A. Yes; he talks all right for a few minutes, then begins crying; but he gets all right and begs me to stay all day with him."

Dr. Reardon:

"Q. What is the condition of his mind since the last stroke of paralysis, is it affected?   A. Yes, *to a certain extent.*" (Italics ours.)

"Q. Did you consider his mind affected in the summer of 1922?   (The note bears date May 9, 1922.)   A. I was rather on the fence about it.   I was not asked about it. * * * His mind could be all right for a while, and then hop off."

Dr. E. W. Griffin:

"Hemorrhage of the brain could possibly affect the mental part of his brain and [he would] still know what he was doing."

The verbal contract to pay the thousand dollars is not denied nor attacked in any way. That the plaintiff performed his part of the contract is not denied. The note and mortgage were given in fulfillment of a contract which is not attacked.

The burden is upon the defendants to show that, at the time he signed the note and mortgage, L. D. Phillips did not know what he was doing. In this the evidence utterly fails. The evidence shows that the mind of L. D. Phillips, weakened by disease, would work for a while and then fag. It is true Mrs. Phillips said that he did not know what had been done a few minutes after the people left. That is entirely consistent with his knowledge of what he was doing at the instant of signing. Mr. Phillips was honestly carrying out his honest contract, and, in order to defeat his claim, it must be shown that his mind that came and went was not present at the time of the execution of the contract sued upon.

The judgment appealed from is reversed, and the case is remanded to the Circuit Court.

Messrs. Justices Watts and Marion concur.

Mr. Chief Justice Gary and Mr. Justice Cothran did not participate.